Mr. Justice Cox
delivered the opinion of the court.
In this case we are constrained, with no little reluctance, to reverse the decision below and award the decree in favor of the judgment creditor. We feel reluctance in doing this because the case is a very hard one. A man named Nelson, represented as a poor and ignorant man, conveyed certain property to a third party, with the understanding that it ■should be reconveyed to his (Nelson’s) wife. The deed from Nelson was put on record, but the deed to his wife was not recorded for three years after its date. In the meantime, certain parties obtained judgment as creditors against the grantee, and levied on the same property, and this bill was filed by Mrs. Nelson to restrain action on that judgment. Under the law in regard to registration, as it has been held by the Supreme Court of the United States, and by a number of other courts, we are satisfied that this deed back to Mrs. Nelson must be treated, as regards the judgment creditor, as if it had no existence ; it has no operation as against such creditor, except from the time it was actually recorded. If it had been recorded within six months, it would have operated from its date ; but it was not recorded for over three years, and, therefore, as against a judgment creditor, it is simply void, and the property must be regarded as if it had remained in the trustee, and was his property. It is true that the judgment creditor does not levy upon any *263 ■other or better title than that which the debtor has, and that he takes it subject to all outstanding equities ; but the Statute of Frauds has made it necessary that any trust attaching to property in the hand of an ostensible owner, shall be expressed in writing. We have sought to find, in the deed back to Mrs. Nelson evidence of a trust for her benefit, but we have been unable to find it. It purports to be simply a transaction of bargain and sale for a money consideration ; if that be evidence of a trust, then in all such cases, where deeds have been held void as against creditors, they ought to have been held to contain evidence of a trust: which has not been the case. This deed is no evidence of anything beyond what it purports on its face to be; and taking the Statute of Frauds and the registry laws together, the rule which they establish is, that the creditor is entitled to pursue the ostensible title, even though it may not be the real title of the debtor. The case is a hard one, but at the same time it is no harder than if the trustee had sold the property to a third party for value, without notice; in which case there is no question that the equity of the purchaser would prevail over that of the cestui que trust. The decree is set aside and the bill dismissed.
[Note. — A motion for leave to reargue this case was, on .June 27, 1888, overruled.]